UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

─────────────────────────────────────

HENRI G. LAMONT, JR.,
also known as DRE,

                         Petitioner,

         v.                                              9:16-CV-1033
                                                         (BKS)
DAVID STALLONE,
SUPERINTENDENT CAYUGA
CORRECTIONAL FACILITY,

                         Respondent.

─────────────────────────────────────

APPEARANCES:                          OF COUNSEL:

HENRI G. LAMONT, JR.
12-A-2414
Petitioner pro se
Cayuga Correctional Facility
P.O. Box 1186
Moravia, New York 13118

HON. ERIC T. SCHNEIDERMAN          PAUL B. LYONS,
Attorneys for Respondent            Assistant Attorney General
New York State Attorney General
120 Broadway
New York, New York 10271


BRENDA K. SANNES
United States District Judge

### DECISION and ORDER

Petitioner Henri G. Lamont, Jr., also known as Dre, filed a petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-1, Petitioner's

Memorandum of Law ("Pet. Mem.").[1]

In 2012, petitioner was convicted upon a plea of guilty, of one count of criminal sale of a controlled substance in the third degree.  Pet. at 1; *see also People v. Lamont*, 125 A.D.3d 1106 (3rd Dep't 2015).  Petitioner's conviction stems from an ongoing eavesdropping investigation conducted by the New York State Attorney General's Organized Crime Task Force, which resulted in charges against thirty-seven (37) individuals, including petitioner.  As a result of this investigation, petitioner was charged with selling cocaine as part of a distribution network located and operating in Albany, New York.  Petitioner plead guilty and was sentenced as a second felony offender to seven years in prison, followed by three years post-release supervision.  *Id.*

In his petition, petitioner claims the following grounds for habeas relief: (1) the sentencing court unconstitutionally applied Penal Law § 70.25 (2-a) when a "punative [sic] component was added to petitioner's sentence;" (2) petitioner was "unlawfully induced" into pleading guilty; (3) petitioner's guilty plea was not knowing, intelligent and voluntary; (4) petitioner was denied effective assistance of counsel "in regard to the plea process;" (5) petitioner's counsel was ineffective in failing to advance his "4th amendment claims regarding false averments in the warrant application;" and, (6) petitioner's conviction is based on "evidence gained pursuant to an unconstitutional search and seizure."  Pet. at 4-7.

Respondent opposes the petition.  Dkt. No. 7, Respondent's Memorandum of Law ("Resp. Mem."); Dkt. No. 8, Answer; Dkt. No. 9, State Court Records ("SR").  Petitioner filed

---

[1]   The cited page numbers for the petition and petitioner's memorandum refer to those generated by the Court's electronic filing system ("ECF").

a traverse/reply.  Dkt. No. 10.[2]

For the reasons that follow, the petition is denied and dismissed.

## II.    BACKGROUND

### A.    Plea Negotiations, the Guilty Plea, and Sentencing

As part of a 2010 and 2011 investigation by the New York State Attorney General's Organized Crime Task Force, petitioner was charged, along with over 30 other individuals, with selling cocaine as part of a distribution network in Albany, New York.  Dkt. No. 9-1, at SR 44-163, Indictment.  Specifically, petitioner was charged with Conspiracy in the Second Degree; Criminal Sale of a Controlled Substance in the Second Degree; three (3) counts of Criminal Possession of a Controlled Substance in the Third Degree; thirteen (13) counts of Criminal Sale of a Controlled Substance in the Third Degree; and Attempted Criminal Possession of a Controlled Substance in the Third Degree.  *Id.*

Shortly after his arraignment, the prosecution extended a plea offer.  The prosecution proposed that petitioner plead guilty to one count of Criminal Sale of a Controlled Substance in the Third Degree in satisfaction of the Indictment, in exchange for a sentence of seven (7) years in prison followed by three (3) years of post-release supervision.  *Id.* at SR 224-25. The offer also allowed petitioner to be sentenced as a second felony offender, despite his eligibility to be sentenced as a persistent felony offender.  Finally, the plea offer required petitioner to waive his right to appeal and cooperate against "any and all remaining codefendants."   The offer was subject to court approval.  *Id.*

---

[2]  The cited page numbers for Respondent's Memorandum (Dkt. No. 7), the Answer (Dkt. No. 8), and petitioner's Traverse/Reply (Dkt. No. 10), refer to those generated by the Court's electronic filing system ("ECF"). The "SR" page numbers for the State Court Records filed at Docket Number 9 appear at the bottom center of each page.

At a subsequent court conference, County Court noted that petitioner's counsel had secured a particularly advantageous plea offer from the prosecution, and had "convinced [the] Court" to treat petitioner as a second felony offender, despite his eligibility to be treated as a persistent felony offender.  SR at 2-3.  Nevertheless, petitioner requested additional time to review the evidence with his counsel, and to consider the plea offer with his family. SR at 3-6.  County Court adjourned the case for a week.  *Id.*

When petitioner appeared before County Court a week later, he rejected the plea.  SR at 9.  County Court then informed petitioner that, "[g]iven his history," it could no longer promise not to treat petitioner as a persistent felony offender, and that he could possibly face life in prison if convicted.  SR at 9-10.  Petitioner's counsel stated he had discussed all potential sentencing outcomes and that petitioner understood.  *Id.*

Shortly before the scheduled trial, petitioner returned to County Court to place a negotiated plea agreement on the record.  The terms of the plea agreement were almost identical to the original plea offered by the prosecution: petitioner agreed to plead guilty as a second felony offender to a single count of Criminal Sale of a Controlled Substance in the Third Degree, in exchange for seven (7) years in prison, followed by three (3) years of post-release supervision.  SR at 18.  The plea agreement was still conditioned on petitioner waiving his right to appeal.  However, petitioner was no longer required to cooperate against other co-defendants.  SR at 18-20.

Prior to accepting petitioner's plea of guilty, petitioner assured the Court he understood the English language, was not taking any medications or drugs, and was thinking clearly.  Upon further questioning, petitioner also stated he had no problems communicating with his counsel.  SR at 21-22.

4

Petitioner was then placed under oath, and County Court recorded the plea agreement, including the agreement not to sentence petitioner as a "persistent felony offender, which he is clearly eligible." SR at 22. The Court went on to explain the rights petitioner was giving up by pleading guilty, including the right to remain silent, the right to confront witnesses, and the right to testify at trial. SR at 22-24. Petitioner stated he understood the rights he was giving up, he had "enough time" to discuss the plea with his defense counsel, and was "satisfied" with the work performed by his counsel. SR at 23. In response to the Court's questioning, petitioner also stated he was not threatened or forced into pleading guilty, and acknowledged that he made the decision to plead guilty of his own free will. SR at 25. Finally, the Court explained that petitioner's guilty plea was also conditioned on his waiving his "right to appeal the conviction as well as the sentence" imposed. SR at 26. Petitioner stated that he understood he was giving up his right to appeal. *Id.* The Court also noted that a formal written waiver of appeal was prepared, and executed by petitioner before the Court. SR at 26-27, 171.

Petitioner then went on to admit the allegations contained in Count 196 of the Indictment. Petitioner stated he had no further questions for the Court or his attorney, and he was "absolutely sure" he wanted to plead guilty. County Court accepted petitioner's guilty plea. SR at 27-28.

On May 22, 2012, petitioner appeared before County Court for sentencing. In accordance with the negotiated plea, petitioner was sentenced "as a second felony offender" to "a determinate sentence of seven years," followed by a "[t]hree-year period of postrelease supervision." SR at 35.

### B.    Post-Judgement Motions and Appeals

On April 12, 2013, petitioner filed a pro se motion to set aside his sentence in County Court pursuant to New York's Criminal Procedure Law ("C.P.L.") § 440.20.  SR at 296-305. Since petitioner sought to "set aside the sentence" or to "withdraw his plea and thus to vacate his conviction," the County Court construed the motion as brought pursuant to both CPL §§ 440.10 and 440.20, and denied petitioner's application on June 19, 2013.  SR at 458-463.  Petitioner sought leave to appeal to the Appellate Division, Third Department, which was denied on July 30, 2013.  SR at 464-468.  Petitioner's subsequent motion for reconsideration was denied by the Appellate Division on November 6, 2013.  SR at 473.

Petitioner also filed a counseled brief and pro se supplemental brief in support of his direct appeal to the Appellate Division, Third Department.  SR at 474-664.  The Appellate Division affirmed petitioner's conviction in an opinion and order, dated February 19, 2015, and denied his subsequent motion for reconsideration.  SR at 751-753, 870; *see People v. Lamont*, 125 A.D.3d 1106 (3rd Dep't. 2015).  Petitioner sought leave to appeal, which the New York State Court of Appeals denied on September 28, 2015.  SR at 754-757, 875; *see Lamont*, 26 N.Y.3d 967 (2015).

## III.    APPLICABLE LAW

### A.    The AEDPA Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant habeas corpus relief with respect to a claim adjudicated on the merits in state court only if, based upon the record before the state court, the state court's decision: (1) was contrary to, or involved an unreasonable application of, clearly established federal law,

as determined by the Supreme Court of the United States; or (2) was based on an

unreasonable determination of the facts in light of the evidence presented in the State court

proceeding.  28 U.S.C. §§2254(d)(1), (2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011);

*Premo v. Moore*, 562 U.S. 115, 120-21 (2011); *Schriro v. Landrigan*, 550 U.S. 465, 473

(2007).  This standard is "highly deferential" and "demands that state-court decisions be

given the benefit of the doubt."  *Felkner v. Jackson*, 562 U.S. 594, 598 (2011) (per curiam)

(quoting *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal quotation marks omitted)).

    The Supreme Court has repeatedly explained that "a federal habeas court may

overturn a state court's application of federal law only if it is so erroneous that 'there is no

possibility fairminded jurists could disagree that the state court's decision conflicts with th[e

Supreme] Court's precedents.'"  *Nevada v. Jackson*, __ U.S. __, 133 S. Ct. 1990, 1992

(2013) (per curiam) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)); *see Metrish v.

Lancaster*, __ U.S. __, 133 S. Ct. 1781, 1787 (2013) (explaining that success in a habeas

case premised on § 2254(d)(1) requires the petitioner to "show that the challenged

state-court ruling rested on 'an error well understood and comprehended in existing law

beyond any possibility for fairminded disagreement.'") (quoting *Richter*, 562 U.S. at 103)).

    Additionally, the AEDPA foreclosed "'using federal habeas corpus review as a vehicle

to second-guess the reasonable decisions of state courts.'"  *Parker v. Matthews*, __ U.S. __,

132 S. Ct. 2148, 2149 (2012) (per curiam) (quoting *Renico,* 559 U.S. at 779).  A state court's

findings are not unreasonable under §2254(d)(2) simply because a federal habeas court

reviewing the claim in the first instance would have reached a different conclusion.  *Wood v.

Allen*, 558 U.S. 290, 301 (2010).  "The question under AEDPA is not whether a federal court

believes the state court's determination was incorrect but whether that determination was unreasonable - a substantially higher threshold." *Schriro*, 550 U.S. at 473.

Federal habeas courts must presume that the state courts' factual findings are correct unless a petitioner rebuts that presumption with '"clear and convincing evidence.'" *Schriro*, 550 U.S. at 473-74 (quoting § 2254(e)(1)). Finally, "[w]hen a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits[.]" *Johnson v. Williams*, __ U.S. __, 133 S. Ct. 1088, 1096 (2013).

### B.  Voluntariness of the Guilty Plea and Effect of Pleading Guilty

#### 1.  Voluntariness of Guilty Plea

"A guilty plea operates as a waiver of important rights, and is valid only if done voluntarily, knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.'" *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). A guilty plea is deemed "intelligent" so long as the criminal defendant had the advice of counsel, was in control of his mental capacities and received notice of the nature of the charges against him. *Bousley v. United States*, 523 U.S. 614, 618-619 (1998); *See also Miller v. Angliker*, 848 F.2d 1312, 1320 (2d Cir. 1988). A plea is "voluntary" if the person entering the plea is fully aware of the direct consequences of the plea, "'unless induced by threats . . . , misrepresentation . . . , or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business.'" *Id.* at 619 (quoting *Brady*, 397 U.S. at 755); *see also Miller,* 848 F.2d at 1320 (A plea "is deemed 'voluntary' if it is not the product of actual or threatened

8

physical harm, mental coercion overbearing the defendant's will, or the defendant's sheer inability to weigh his options rationally.").

In *Tollett v. Henderson*, the Supreme Court stated that "[t]he focus of federal habeas inquiry is the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity."  411 U.S. 258, 266 (1973).  Although the state prisoner must also prove a constitutional infirmity occurred, the relevant inquiry for the federal habeas court is whether the guilty plea "represent[ed] a voluntary and intelligent choice among the alternative courses of action open to the defendant."  *North Carolina v. Alford*, 400 U.S. 25, 31 (1970).  Moreover, if a petitioner pleads guilty based "on the advice of counsel, he must demonstrate that the advice was not 'within the range of competence demanded of attorneys in criminal cases,'" to prove his plea was involuntary.  *Tollett*, 411 U.S. at 266 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).

Notably, a petitioner must provide credible evidence to justify overlooking statements made under oath during a plea hearing.  *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (stating that a defendant's statements at a plea hearing constitute a "formidable barrier" that are not easily overcome in subsequent proceedings because "[s]olemn declarations in open court carry a strong presumption of verity.").  Such statements "are generally treated as conclusive in the face of the defendant's later attempt to contradict them." *Adames v. United States*, 171 F.3d 728, 732 (2d Cir. 1999).

### 2.    Effect of the Guilty Plea

A petitioner's properly counseled and entered guilty plea admits all of the elements of a formal criminal charge and waives a multitude of federal constitutional rights.  *Tollett*, 411

U.S. at 267.  The rights waived include the privilege against compulsory self-incrimination,

the right to confront one's accusers, the right to a jury trial, the right to a speedy trial, and the

right to require the prosecutor to prove the crime beyond a reasonable doubt.  *Id.*  As the

United States Supreme Court has explained,

> [A] guilty plea represents a break in the chain of events which has
> preceded it in the criminal process. When a criminal defendant has
> solemnly admitted in open court that he is in fact guilty of the offense
> with which he is charged, he may not thereafter raise independent
> claims relating to the deprivation of constitutional rights that occurred
> prior to the entry of the guilty plea. He may only attack the voluntary
> and intelligent character of the guilty plea by showing that the advice
> he received from counsel was not within the standards set forth in
> *Mcmann* [*v. Richardson*, 397 U.S. 759 (1970)].

*Tollett*, 411 U.S. at 267; *accord United States v. Compres*, 614 F. App'x 36, 38 (2d Cir. 2015)

("A defendant who pleads guilty unconditionally while represented by counsel may not assert

independent claims relating to events occurring prior to the entry of the guilty plea.") (quoting

*United States v. Coffin*, 76 F.3d 494, 497 (2d Cir. 1996)); *see also United States v. Garcia*, 339

F.3d 116, 117 (2d Cir. 2003) (per curiam) ("It is well settled that a defendant who knowingly and

voluntarily enters a guilty plea waives all non-jurisdictional defects in the prior proceedings.").

## C.    Exhaustion and Procedural Default

Generally, a federal court may not issue a writ of habeas corpus unless a petitioner

has exhausted all remedies available in state court.  28 U.S.C.A. § 2254(b).  This

requirement is not satisfied unless each federal claim is "fairly presented" to the state courts.

28 U.S.C. § 2254(b), (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (A petitioner

seeking federal habeas relief must raise all claims in state court prior to raising them in the

habeas corpus petition, and he must "fairly present" each federal claim in the appropriate

10

state court, "thereby alerting that court to the federal nature of the claim").  This is to ensure that the state is given the "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations omitted).

In order to satisfy the exhaustion requirement, state prisoners must present their claims to a state's highest court in a petition for discretionary review.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (To exhaust federal claims, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").  Habeas corpus petitioners bear the burden of demonstrating that they have exhausted available state remedies. *Irvis v. Haggat*, No. 9:12-CV-1538 (FJS/TWD), 2015 WL 6737031, at *6 (N.D.N.Y. Nov. 3, 2015) (citing *Colon v. Johnson*, 19 F.Supp.2d 112, 119-120 (S.D.N.Y. 1998)).

Even if a claim is unexhausted because it was never presented to a state court, the habeas court may nevertheless find the claim procedurally defaulted if there is no remaining avenue by which the petitioner can properly exhaust the claims in state court.  *Aparicio v. Artuz*, 269 F.3d 78, 90-91 (2d Cir. 2001) ("When a claim has never been presented to a state court, a federal court may theoretically find that there is an 'absence of available State corrective process' under § 2254(b)(1)(B)(I) if it is clear that the unexhausted claim is procedurally barred by state law and, as such, its presentation in the state forum would be futile").

Procedurally defaulted claims are not subject to habeas review unless a petitioner can show cause for the default and actual resulting prejudice, or that the denial of habeas relief would result in a fundamental miscarriage of justice, i.e., that he is actually innocent.  *House*

*v. Bell*, 547 U.S. 518, 536-39 (2006); *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *see Dunham v. Travis*, 313 F.3d 724, 730 (2d Cir. 2002) ("Actual innocence means factual innocence, not mere legal insufficiency." (citation omitted)).

To establish cause, a petitioner must show that some objective external factor impeded his ability to comply with the relevant procedural rule.  *Maples v. Thomas*, 565 U.S. 266, 280 (2012); *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). If a petitioner fails to establish cause, a court need not decide whether he suffered actual prejudice, because federal habeas relief is generally unavailable as to procedurally defaulted claims unless both cause and prejudice are demonstrated. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986) (referring to the "cause-and-prejudice standard"); *Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir. 1985).

## IV.    ANALYSIS

### A.    Ground One - Constitutionality of Penal Law § 70.52 (2-a)

In accordance with his negotiated plea, petitioner was sentenced "as a second felony offender" to "a determinate sentence of seven years," followed by a "[t]hree-year period of postrelease supervision."  SR at 35.  However, because petitioner was a second felony offender, he was required to serve his sentence consecutively with a 9-month undischarged sentence he owed on a prior felony conviction pursuant to Penal Law § 70.25(2-a).[3]   Under this state law, the requirement that petitioner serve the remainder of his prior undischarged sentence operated automatically, the sentencing judge had no discretion in its imposition,

_____

[3]  Penal Law § 70.25(2-a) states in relevant part, as follows: "When a . . . determinate sentence of imprisonment is imposed pursuant to . . . section 70.06 [sentence for second felony offender] . . . and such person is subject to an undischarged indeterminate or determinate sentence of imprisonment imposed prior to the date on which the present crime was committed, the court must impose a sentence to run consecutive with respect to such undischarged sentence."

and the 9-month undischarged sentence was not part of the instant judgment. *See People ex. Rel. Gill v. Greene*, 12 N.Y.3d 1, 6-7 (2009), *cert denied*, __ U.S. __, 130 S.Ct. 86 (2009) (the New York Court of Appeals held that when a state statute requires a court to impose a consecutive sentence, and the court fails to state whether the sentence is consecutive or concurrent, the court is deemed to have imposed the consecutive sentence required by law.).

Nevertheless, in Ground One of the habeas petition, petitioner argues for the first time that he was "aggrieved by an unconstitutional application of" Penal Law § 70.25(2-a).  Pet. at 4.  Specifically, petitioner maintains his due process rights were violated because "[t]he manner in which the statute has been applied has permitted a punitive component of the petitioner's sentence to be imposed without his knowledge, and without having any expression in the court's judgment," contrary to the Supreme Court's "requirement that penalties must have expression in the judgment of conviction."  Dkt. No. 1-1, Pet. Mem. at 7-8, *citing Hill v. Wampler*, 298 U.S. 460 (1936).

As respondent correctly notes, however, petitioner never argued in state court that his due process rights were violated or that Penal Law § 70.25(2-a) was unconstitutional and/or unconstitutionally applied.  Instead, petitioner argued in both his C.P.L. § 440 motion and on direct appeal that his guilty plea was involuntary because he was not informed by the court or his counsel that his nine month undischarged sentence would automatically be imposed consecutively to his bargained-for sentence.  In fact, petitioner acknowledged in state court, as he does in his habeas petition, that state courts are not required to inform a defendant prior to accepting a guilty plea, that his sentence will be imposed consecutively as a result of Penal Law § 70.25(2-a).  For instance, petitioner states that:

In the event the court fails to articulate the consecutive nature of the sentence, it will

13

be deemed to have done so by operation of law. *Gill v. Greene*, 12 N.Y.3d 1 (2009). Furthermore, a sentencing court's failure to ensure a defendant understands the consecutive nature of a negotiated sentence prior to acceptance of his guilty plea does not render the plea involuntary. *People v. Belliard*, 20 N.Y.3d 381 (2013).

As a preliminary matter, it does not seem arguable that the consecutive sentencing mandate of [Penal Law § 70.25(2-a)] was intended to impose harsher punishment on repeat offenders as a direct consequence of committing a new crime while still subject to the terms of a prior undischarged sentence. *People v. Cusick*, 119 A.D.2d 830 (2d Dept. 1986); *see also, Giles v. Irvin*, 914 F.Supp. 957 (1996). The immediacy and automatism of its effect is readily apparent from the fact that it is imposed by operation of law upon imposition of a new felony sentence. And its effect is so definite that a sentencing court has no discretion to divorce it from the judgment (*see generally, Gill v. Greene,* supra).

Pet. Mem. at 7-8.

Although petitioner now argues that "[t]he constitutionality of the state court's interpretation of [Penal Law § 70.25(2-a)] is questionable," this issue was never presented to the state courts. The state courts were only asked to decide whether petitioner's plea was voluntary in light of the fact that he was not aware that his bargained-for sentence was to be imposed consecutively with an undischarged prior felony sentence.

Accordingly, petitioner has not "fairly presented" this constitutional claim in state court and given the state court an "opportunity to pass upon and correct" the alleged violation of petitioner's rights. *Picard,* 404 U.S. at 275 (citations omitted); *See also* 28 U.S.C. § 2254(b), (c); *Baldwin,* 541 U.S. at 29. The claim is therefore unexhausted.

Furthermore, petitioner can no longer file an appeal to exhaust this claim because a defendant is "entitled to one (and only one) appeal to the Appellate Division" and "New York does not otherwise permit collateral attacks on a conviction when the defendant unjustifiably failed to raise the issue on direct appeal." *Aparicio*, 269 F.3d at 91 (citing CPL § 440.10 (2)(c)); *see Clark v. Perez*, 510 F.3d 382, 393 (2d Cir. 2008) (holding that "even if no state

14

court had applied section 440.10 (2)(c) to Clark's claim, the district court itself should have done so in the first instance pursuant to the exhaustion requirement for federal habeas.); *Sweet v. Bennett*, 353 F.3d 135, 140-41 (2d Cir. 2003) (applying CPL § 440.10 (2)(c) to claims raised for the first time in federal habeas petition). Accordingly, the claim is also procedurally defaulted.

Procedurally defaulted claims are not subject to habeas review unless a petitioner can show cause for the default and actual resulting prejudice, or that the denial of habeas relief would result in a fundamental miscarriage of justice, i.e., that he is actually innocent. *House*, 547 U.S. at 536-39; *Schlup*, 513 U.S. at 327. Here, petitioner has failed to provide any basis for his default. Having failed to establish cause, this Court need not decide whether petitioner suffered actual prejudice. *Murray*, 477 U.S. at 496. Finally, petitioner has not alleged actual innocence. Ground One of the petition is therefore denied and dismissed.[4]

## B.    Voluntariness of Petitioner's Guilty Plea and Waiver of Appeal

Petitioner argues in Ground Two of his habeas petition that his guilty plea was "unlawfully induced." Pet. at 4. Specifically, petitioner maintains that although he was "promised an abstract 7 year determinate sentence," the court "effectively lengthened the agreed upon sentence" by requiring that the sentence be served consecutively to a prior undischarged sentence pursuant to Penal Law § 70.25 (2-a). *Id.*

---

[4]  Even if this Court were to consider Ground One of the petition, it is without merit. Contrary to petitioner's claim, the requirement under New York law that petitioner complete his prior undischarged sentence consecutively to his new sentence was not part of the court's sentence and judgment. Regardless of the trial court's silence on the issue during petitioner's sentencing, the application of Penal Law § 70.25 (2-a) did not result in petitioner being subject to a sentence that was not pronounced by the sentencing court. *Gill*, 12 N.Y.3d at 6-7; *see also Johnson v. New York*, 851 F.Supp.2d 713, 722-723 (collecting cases which concluded that a petitioner's "due process rights were not violated by the imposition of consecutive sentences as required by" Penal Law § 70.25 (2-a)).

In Ground Three of the habeas petition, petitioner argues his guilty plea was "not made voluntarily with full understanding of the plea's connotations and consequences."  Pet. at 5.  According to petitioner, due to the "court's silence regarding the consecutive nature of the plea it was offering in the plea agreement precluded the petitioner from making an informed decision as to whether he should waive his rights by pleading guilty."  *Id.*

Petitioner raised both of these claims in a post-conviction motion in County Court pursuant to C.P.L. § 440.10.  He argued he "was not informed of the statutory mandate of [Penal Law] §70.25 (2-a)" which required his agreed upon sentence to run consecutive to a prior undischarged sentence, "thereby precluding [petitioner] from making an informed decision about whether to accept the plea agreement."  SR at 300-302.  County Court rejected the claims stating:

> "As to the court's silence as to the consecutive nature of the conviction, this argument could be raised on appeal (an appeal is apparently pending in that appellate counsel has been appointed and transcripts ordered) and thus CPL 440.10 (2)(b) m andates denial of the motion. . . . [C]learly the matter can be resolved by examining the record, and, as a matter of record, can be reviewed by the appellate court."

 SR at 460-461.

Despite County Court's rejection of these claims pursuant to C.P.L. §440.10 (2)(b), petitioner did not raise them again on direct appeal.  Instead, his appellate counsel only argued that petitioner was coerced into pleading guilty after the trial court repeatedly advised petitioner that he was subject to sentencing as a persistent felony offender if he did not accept the plea.  SR at 483-486.  In addition, although petitioner filed a pro se supplemental brief to the Appellate Division, he only argued on appeal that his "guilty plea was not entered knowingly, voluntarily and intelligently because trial counsel's advice omitted information" regarding the collateral consequence of his conviction.  SR at 608-611.  At no point does

16

petitioner argue that he was "unlawfully induced" by the County Court's silence on the issue. In fact, petitioner acknowledged in his pro se brief that "the failure of a trial court to address the impact of penal law § 70.25 (2-a) during a plea colloquy does not render the guilty plea involuntary."  SR at 608.  These claims are therefore unexhausted due to petitioner's failure to raise them on direct appeal.

Petitioner's claims are also procedurally defaulted and barred from habeas review. Again, petitioner filed a direct appeal of his conviction, and he has no remaining avenue by which to raise and exhaust these claims in state court.  *Aparicio*, 269 F.3d at 90-91.

Finally, petitioner has not alleged cause for failing to properly raise these claims, and the Court discerns none.  Nor has petitioner raised a claim of actual innocence such that failure to review these claims would result in a miscarriage of justice.  Accordingly, this Court finds no basis to excuse petitioner's default, and Grounds Two and Three of the habeas petition are dismissed.[5]

### C.    Ineffective Assistance of Counsel Related to the Guilty Plea

In Ground Four of his habeas petition, petitioner argues he "was denied effective assistance of counsel in regard to the plea process."  Pet. at 5.  Specifically, petitioner maintains his counsel was deficient for failing to inform him that his prior 9-month

---

[5]  Even if the Court were to review these claims, the Court finds the County Court's decision in the alternative was neither contrary to, nor an unreasonable application of Supreme Court precedent.  Petitioner received the 7-year sentence he bargained for (SR at 35), and nothing in the record supports petitioner's claim that his plea was involuntary.  In fact, the record shows petitioner initially rejected a plea offer, then waited approximately 10 months to accept a highly favorable plea agreement, and was repeatedly advised of the rights he would waive as a result of a guilty plea.  Finally, the Supreme Court has never ruled on whether a petitioner's plea is involuntary if he is not apprised of the fact that a prior undischarged sentence will be imposed consecutively pursuant to state law.  Accordingly, "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *see also Velez v. Annucci,* No. 9:10-CV-1485 (JKS), 2014 WL 316748, at *5 (N.D.N.Y. Jan. 28, 2014) ("No Supreme Court case addresses whether, for a plea to be voluntary, the defendant must be informed that the promised sentence of the plea bargain will run consecutive to any undischarged portion of a prior sentence.").

undischarged sentence would be imposed consecutively to his negotiated 7-year sentence pursuant to Penal Law § 70.25(2-a).  *Id.*

### 1.    Petitioner's C.P.L. § 440 Motion and Direct Appeal

In petitioner's C.P.L. § 440 motion in County Court, petitioner submitted an affidavit claiming his "defense counsel was ineffective" and requested the court vacate his plea.  SR at 304.  According to petitioner, his "attorney's silence" regarding the mandate of Penal Law § 70.25(2-a), "was fundamentally at odds with his obligation to advise [petitioner] of the 'advantages and disadvantages' of the plea agreement.'"  *Id.* at 302, *citing Padilla v. Kentucky*, 559 U.S. 356, 370 (2010).

On June 19, 2013, County Court denied petitioner's motion without holding a hearing on the issue, noting that petitioner "cites nothing outside the record and therefore this issue could be raised on appeal."  SR at 461.  The court went on to state that "[e]ven if this court were to consider this motion it would have to be denied."  *Id.*  The court ruled that "[t]here is nothing in the record, or submitted by [petitioner] in support of his motion, to indicate that defense counsel gave inaccurate advise or failed to advise defendant appropriately and thus the motion would be denied."  SR at 462, *citing* Penal Law § 440.30(4)(d).  Petitioner sought leave to appeal the denial of his C.P.L. § 440 motion, which the Appellate Division denied. *Lamont*, 125 A.D.3d at 2, n. 1.

On direct appeal, petitioner filed a pro se appellate brief where he again argued his counsel was ineffective for failing to inform of the collateral consequence of his guilty plea pursuant to Penal Law § 70.25(2-a).  Specifically, petitioner stated that "[t]rial [c]ounsel's omission was at odds with his responsibility to inform [petitioner] of the advantages and disadvantages of the plea agreement, which is outside the range of competence demanded

18

of an attorney in criminal cases." SR at 611. In opposition, the prosecution argued that petitioner's ineffective assistance claim was beyond the scope of appellate review because "it is based on facts that do not appear in the record." SR at 708.

The Appellate Division affirmed petitioner's conviction. With regards to petitioner's ineffective assistance claim relating to his guilty plea, the Appellate Division stated "[t]he arguments that [petitioner] raises in his pro se brief are based on information outside the record, and are more appropriately the basis of a motion pursuant to CPL article 440." *Lamont*, 125 A.D.3d at 1106-1107.

### 2.    Analysis

In applying the standards for AEDPA review, District Courts must generally review the "last reasoned decision" by the state court. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991). Here, the last reasoned decision was that of the Appellate Division, Third Department, affirming petitioner's conviction. This Court agrees with the Appellate Division's decision that petitioner's ineffective assistance claim involves information and advice given by counsel outside of the record, and was "more appropriately the basis of a motion pursuant to CPL article 440." *Lamont*, 125 A.D.3d at 1107.

To be sure, it appears that County Court erred in applying C.P.L. § 440.10(2)(c) to bar petitioner's ineffective assistance claim, stating that petitioner's claim was record-based and therefore "[could] be reviewed by the appellate court." SR at 461. *See Fulton v. Graham*, 802 F.3d 257, 263 (2d Cir. 2015) (concluding that New York does not regularly apply §440.10(2)(c) to bar claims of ineffective assistance of counsel "based on out-of-court conversations between a defendant and his counsel" and, in fact, such claims "*must* be brought in a § 440.10 proceeding.") (emphasis in original). Accordingly, because County

19

Court's application of C.P.L. § 440.10(2)(c) to bar petitioner's claim represents an "exorbitant application" of the state rule (*Lee v. Kemna*, 534 U.S.362, 376 (2002)), this Court finds petitioner's claim is not procedurally barred by an independent and adequate state law ground and will not dismiss the claim on that basis.

Furthermore, because this Court cannot defer to County Court's determination that the ineffective assistance claim is barred by an independent and adequate state law ground, the Court must determine whether a decision has been rendered on the merits. The Court concludes that neither County Court or the Appellate Division issued a merits-based decision.

For instance, although County Court commented on the merits of petitioner's ineffective assistance claim when denying petitioner's § 440 motion, its remarks do not constitute a decision on the merits for purposes of 28 U.S.C. § 2254(d). *See Fulton*, 802 F.3d at 265 (holding that "[w]hen a state court's discussion of the merits was preceded by a contrary-to-fact construction, then the wording of the opinion reflects that the disposition was not premised on the court's view of the merits") (internal quotations and citations omitted). County Court began the discussion of the merits of petitioner's ineffective assistance claim by stating: "Even if this court were to consider this motion *it would have to be denied.*" SR at 461 (emphasis added). "By employing this 'contrary-to-fact construction' the state court announced that it was *not* basing its judgment on the merits of the federal claim, but rather on a state procedural bar." *Fulton*, 802 F.3d at 265, *citing Bell v. Miller*, 500 F.3d 149, 155 (2d Cir. 2007).

In addition, the Appellate Division never commented on the merits of petitioner's ineffective assistance claim related to his plea. Instead, the Appellate Division held that the

20

claim was outside the scope of the record and could be raised in a C.P.L. § 440 motion.

Accordingly, and based on the foregoing, petitioner has not "fairly presented" his ineffective assistance claim to the appropriate state court for review and the claim is unexhausted. *See Baldwin*, 541 U.S. at 29 (A petitioner seeking federal habeas relief must raise all claims in state court prior to raising them in the habeas corpus petition, and he must "fairly present" each federal claim in the appropriate state court, "thereby alerting that court to the federal nature of the claim"). However, petitioner may still exhaust his claim by filing a second 440.10 motion in County Court. Motions to vacate convictions pursuant to C.P.L. §440 are not subject to any time limitations, and there is no statutory prohibition against successive applications. *See* N.Y. C.P.L. § 440.10(1) (stating that a motion to vacate may be made "[a]t any time after the entry of a judgment.").

Nevertheless, district courts have the discretion to dismiss unexhausted claims on the merits if the claims are "plainly meritless," *Rhines v. Weber*, 544 U.S. 269, 277 (2005), or "patently frivolous," *McFadden v. Senkowski*, 421 F. Supp. 2d 619, 621 (W.D.N.Y. 2006). *See Mercedes v. Superintendent*, No. 9.12-CV-0687 (DNH), 2014 WL 2711803, at * 6 (citing both standards for dismissal of unexhausted claims); 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

To demonstrate constitutionally ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of professional reasonableness and, but for counsel's alleged errors, the result of the proceedings would have been different, and petitioner suffered prejudice. *Premo*, 131 S. Ct. at 739; *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The *Strickland* test applies "to challenges to guilty

21

pleas based on ineffective assistance of counsel." *Lafler*, 132 S. Ct. at 1384 (quoting *Hill*, 474 U.S. at 58).

"The performance prong of *Strickland* requires a defendant to show  "'that counsel's representation fell below an objective standard of reasonableness.'" *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012) (quoting *Hill v. Lockhart*, 474 U.S. 52, 57 (1985) (quoting *Strickland*, 466 U.S. at 688).  A petitioner must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance ... [and] that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).  Even if a petitioner can establish that counsel was deficient, he still must show that he suffered prejudice.  *Id.* at 693-94.

To establish prejudice in the guilty plea context, petitioners must "show the outcome of the plea process would have been different with competent advice." *Lafler*, 132 S. Ct. at 1384.  Specifically, when a petitioner claims that ineffective advice led him to accept a plea, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

In this case, even assuming petitioner could show counsel's performance was deficient,[6] the claim should be dismissed for lack of prejudice. *Strickland*, 466 U.S. at 697 ("there is no reason for a court deciding an ineffective assistance claim . . . to address both

---

[6]  It is worth noting here that defense counsel was aware of the pending violation proceedings as County Court appointed petitioner's trial counsel to represent petitioner in his parole violation hearing as well.  SR at 461. Furthermore, petitioner was not new to the criminal justice system, having been convicted of five previous felonies and four misdemeanors dating back to 1993.  SR at 209-222.

components of the inquiry if the defendant makes an insufficient showing on one.").

Petitioner does not allege in his habeas petition that, had counsel correctly informed him that his negotiated 7-year sentence would run consecutive to the 9 months he previously owed on a prior conviction, he would have pleaded not guilty and insisted on going to trial. *see Hill*, 474 U.S. at 60 (finding that by failing to allege in his habeas petition that, had counsel correctly advised him, the petitioner would have pleaded not guilty and gone to trial, the petitioner "failed to allege the kind of 'prejudice' necessary to satisfy the second half of the *Strickland v. Washington* test").

Even if petitioner had made such a claim, a self-serving statement by a petitioner to establish prejudice in the context of a challenge to a guilty plea must be "credible in light of all the relevant circumstances." *Puglisi v. United States*, 586 F.3d 209, 215-16 (2d Cir. 2009); *see United States v. Frederick*, 526 F. App'x. 91, 93 (2d. Cir. 2013) (explaining that a defendant can establish prejudice by a sworn affidavit saying that he would have accepted or rejected a plea agreement, "and also some additional 'objective evidence' supporting his claim," and that even with such objective evidence, the district court must still find the defendant's claim credible), *quoting United States v. Gordon*, 156 F.3d 376, 381 (2d Cir. 1998). Furthermore, a petitioner who has pled guilty "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *United States v. Kimber*, 777 F.3d 553, 563 n.1 (2d Cir. 2015), *quoting Padilla v. Kentucky*, 559 U.S. 356, 372 (2010).

Here, petitioner was offered a highly advantageous plea, which allowed petitioner to plead guilty to one count of a twenty-count indictment, in exchange for a determinate prison term of 7 years. On the other hand, if petitioner was convicted of even a single count in the

23

indictment after going to trial, the trial court was within its discretion to sentence petitioner to 25 years to life as a persistent felony offender. And petitioner would not have escaped a sentence consecutive to his undischarged 9-month sentence: as explained above, the court would have been required to run the sentences consecutively.

In sum, under the circumstances presented in this case, there is no support for the conclusion – nor has petitioner even alleged that – but for counsel's deficient performance, petitioner would have proceeded to trial or obtained a more favorable result. Given that petitioner faced a lengthy sentence as a persistent felony offender if convicted of a single count after trial, along with the same 9-month consecutive sentence, "going to trial would not have been rational" and any claim of prejudice is patently frivolous and without merit. *Fields v. Lee*, No. 1:12-cv-4878, 2016 WL 889788, at * 19 (S.D.N.Y. Jan. 28, 2016) *report and recommendation adopted by* 2016 WL 879319 (S.D.N.Y. Mar. 7, 2016); *see also Helmer v. Superintendent*, No. 9:09-cv-0487 (GLS/ATB), 2010 WL 2134613, at * 7 (N.D.N.Y. May 3, 2010) (finding petitioner's ineffective assistance claim patently frivolous, and noting that "[t]he seven-year determinate sentence petitioner received is clearly better than the 10-25 year sentence he would have faced had he gone to trial, which is why petitioner's attorney advised him to accept the offer") *report and recommendation adopted by* 2010 WL 2134570 (N.D.N.Y. May 26, 2010); *Szurgot v. Attica Corr. Facility*, No. 6:06-cv-6411, 2010 WL 276677, at * 4 (W.D.N.Y. Jan. 20, 2010) (holding petitioner's ineffective assistance claim was patently frivolous and without merit, the court "[could] not find that Petitioner received constitutionally deficient representation. . . ," nor could petitioner "establish that, had he proceeded to trial, he would have received a more favorable sentence"). Ground Four of the petition is therefore denied and dismissed.

**D.     Claims related to Petitioner's Fourth Amendment Rights**

**1.  Fourth Amendment Claim**

In Ground Six of his habeas petition, petitioner argues that his conviction was based on "evidence gained pursuant to an unconstitutional search and seizure" in violation of his Fourth Amendment rights.  Pet. at 6.  Petitioner maintains he was entitled to a hearing challenging whether the eavesdropping information gathered against him was illegally obtained based on an investigator's false application for authority to intercept his communications.  *Id.*  Petitioner raised this issue on direct appeal (SR at 488-489), and the Appellate Division rejected the claim, finding that "[d]efendant's valid waiver of appeal forecloses his argument that the court erred in denying his [pre-trial] motions."  *Lamont*, 125 A.D.3d at 1106.

Although New York generally allows a Fourth Amendment claim to survive a guilty plea (*Lefkowitz v. Newsome*, 420 U.S. 283, 293 (1975)), such claim may nevertheless be waived, as here, by a valid waiver of appeal.  *see e.g. Grimes v. Lempke*, No. 9:10-CV-68 (GLS/RFT), 2014 WL 1028863, at *6 (N.D.N.Y. Mar. 14, 2014) (the state court's finding that defendant's waiver of appeal "encompasses his challenge to the court's suppression ruling," articulates an independent and adequate state law barring consideration of habeas claims involving suppression.); *Garner v. Superintendent of Upstate Corr. Facility*, No. 9:07-CV-501 (LEK/DEP), 2007 WL 2846907, at *18 (N.D.N.Y. Sept. 26, 2007) (citing *Coleman*, 501 U.S. at 731) ("Since the state courts specifically predicated the dismissal of Garner's ... claim on his waiver of the right to appeal, the decision rests upon an independent and adequate state ground, and federal review accordingly is barred.").

Regardless of petitioner's waiver of appeal, his Fourth Amendment claim is also

25

barred from habeas review pursuant to *Stone v. Powell*, 428 U.S. 465 (1976).  In *Stone*, the

Supreme Court held that federal habeas review is unavailable for Fourth Amendment claims

where the state has provided a full and fair opportunity to litigate the claims.  *Id.* at 494.

Here, petitioner does not dispute that he availed himself of the procedures available in

state court to address his Fourth Amendment claim.  Moreover, the Second Circuit has

recognized that New York provides adequate procedures to redress Fourth Amendment

violations (*Capellan v. Riley*, 975 F.2d 67, 70, n.1 (2d Cir. 1992) (citing N.Y. Crim. Proc. §

710.10 et seq.)), and that the *Stone* doctrine applies to Fourth Amendment claims similar to

petitioner's.  *see e.g. Graham v. Costello*, 299 F.3d 129, 131(2d Cir. 2002) (Petitioner's claim

that his Fourth Amendment rights were violated by use of a defective search warrant were

barred pursuant to *Stone v. Powell*); *Sudler v. Griffin*, No. 9:12-CV-367 (NAM/ATB), 2013

WL 4519768, at * 2 (N.D.N.Y. Aug. 26, 2013) (Petitioner's claim that a search warrant was

obtained without probable cause was barred from habeas review by *Stone v. Powell*).   As

such, petitioner's Sixth Ground for relief is denied and dismissed.

## 2.  Ineffective Assistance of Counsel related to Petitioner's Fourth Amendment Claim

Petitioner also contends in Ground Five of his petition that his counsel was ineffective

for ignoring "petitioner's initial request . . . to advance his 4th amendment claims regarding

false averments in the warrant application."  Pet. at 5.  Petitioner raised this claim on direct

appeal, and the Appellate Division dismissed the claim stating that "[d]efendant's valid

waiver of appeal forecloses his . . . claims of ineffective assistance of counsel that are not

related to the plea process or the voluntariness of the plea."  *Lamont*, 125 A.D.3d at 1106.

A petitioner's ineffective assistance of counsel claims only survive for habeas review

to the extent he is attacking "the voluntary and intelligent nature of the guilty plea, through proof that the advice received from counsel was not within the range of competence demanded of attorneys in criminal cases." *Blackledge,* 417 U.S. at 29-30; *see also Parisi v. United States*, 529 F.3d 134, 138 (2d Cir. 2008); *see e.g. Irvis*, 2015 WL 6737031, at *18 (all claims which did not relate to the voluntariness of the petitioner's guilty plea were foreclosed from habeas review); *Belle,* 2013 WL 992663, at *7 (To the extent petitioner alleged he received ineffective assistance of counsel outside the scope of his guilty plea, such claims were dismissed due to his plea).  Accordingly, to the extent petitioner contends he received ineffective assistance of counsel outside of the scope of his guilty plea, his claim is barred from habeas review by his guilty plea and valid waiver of his right to appeal.  Ground Five of the petition is therefore denied and dismissed. *Id.*

## V.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the Petition, Dkt. No. 1, is **DENIED AND DISMISSED**; and it is further

**ORDERED** that no Certificate of Appealability ("COA") shall issue because petitioner failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires.[7]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

**ORDERED** that the Clerk serve copies of this Decision and Order upon the parties in accordance with the Local Rules.

---

[7] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *See Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that, if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, and (2) that the applicant has established a valid constitutional violation" (citation omitted)).

**IT IS SO ORDERED**.

Dated:  May 3, 2017

Brenda K. Sannes
U.S. District Judge